IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02924-GPG

ABEL R. ARAGON,

    Applicant,

v.

BRANDON SHAFFER, C.D.O.C. Parole Chairperson,
MATHEW COOPER, Parole Supervisor, and
ERIC BRUNNER, Parole Officer,

    Respondents.

---

ORDER TO FILE AMENDED APPLICATION

---

Applicant, Abel R. Aragon, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). He has paid the $5.00 filing fee.

The Court construes the Application liberally because Mr. Aragon is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Aragon will be directed to file an Amended Application if he wishes to proceed in this action.

In the Application, Mr. Aragon alleges that he was detained in the Denver County Jail on July 16, 2014 pending the Defendants' investigation of possible parole violations. He further states that he was released 71 days later. However, he was incarcerated at the Denver County jail at the time of filing. Mr. Aragon seeks monetary relief against the Defendants for violation of his Constitutional rights. He also requests

an order for the parole violation to be expunged from his record.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Damages are not an appropriate remedy in a habeas corpus action. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation and alteration omitted)).

The Colorado Department of Corrections' (CDOC) offender search database, www.doc.state.co.us/oss., reflects that Mr. Aragon is now in the custody of the CDOC at the Centennial Correctional Facility, in Canón City, Colorado. It is not clear whether Mr. Aragon is in CDOC custody because of the alleged parole violation, or based on some unrelated conviction. If Applicant wishes to challenge the execution of his current sentence in the CDOC, he must file an Amended Application with claims and supporting factual allegations. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Aragon is reminded that the only proper relief in a habeas corpus action is immediate or speedier release from custody. *See Preiser*, 411 U.S. at 500 (in a writ of habeas corpus, the prisoner seeks a determination that he

is entitled to immediate release or a speedier release from imprisonment); *see also Palma–Salazar v. Davis,* 677 F.3d 1031, 1037 n. 2 (10th Cir.2012) (stating that "the types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, i.e., placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether."). Applicant is also reminded that the only proper respondent to a habeas corpus action is his current custodian. *See* 28 U.S.C. §2243 (stating that the writ "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

If the parole violator charge that Mr. Aragon challenges in his original Application was dismissed, and Applicant is now in CDOC custody based on an unrelated conviction, his challenge to temporary custody in the Denver County jail based on a pending parole violator charge is now moot. *See Spencer v. Kenma*, 523 U.S. 1, 14-16 (1998) (affirming the dismissal for mootness of a habeas claim brought by a petitioner who was no longer in custody because the petitioner failed to show that he suffered continuing collateral consequences from his parole revocation following his release); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir.2002) (discussing the exceptions to the mootness doctrine applicable when a petitioner was in custody at the time he filed his petition for a writ of habeas corpus). Accordingly, it is

ORDERED that Applicant, Abel R. Aragon, file **within thirty (30) days from the date of this order,** an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Aragon shall obtain the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at [www.cod.uscourts.gov](www.cod.uscourts.gov) and shall use that form in filing an Amended Application.  It is

FURTHER ORDERED that, if Mr. Aragon fails to file an Amended Application within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED January 20, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge