IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02924-GPG

ABEL R. ARAGON,

      Applicant,

v.

B. SHAFFER,
M. COOPER, and
E. BRUNNER,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Abel R. Aragon, is in the custody of the Colorado Department of Corrections.  He was detained at the Denver County Jail at the time of filing.  Mr. Aragon is now incarcerated at the Colorado State Penitentiary.  Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  He has paid the $5.00 filing fee.

      On January 20, 2015, Magistrate Judge Gordon P. Gallagher reviewed the § 2241 Application and determined that it was deficient because Mr. Aragon's request for monetary damages in conjunction with his temporary detention for a parole violation was not cognizable in habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests

monetary compensation for such conditions." (quotation and alteration omitted)).   In

addition, the Application did not name a proper respondent.   Magistrate Judge

Gallagher reminded Mr. Aragon that the only proper respondent to a habeas corpus

action is a petitioner's current custodian.   *See* 28 U.S.C. §2243 (stating that the writ

"shall be directed to the person having custody of the person detained"); *Rumsfeld v.

Padilla*, 542 U.S. 426, 435 (2004).   Magistrate Judge Gallagher instructed Mr. Aragon to

file an amended § 2241 application, on the court-approved form, challenging the

execution of his sentence and naming the proper respondent, within thirty (30) days of

the January 20 Order.

Mr. Aragon filed an Amended Application (ECF No. 19) on February 6, 2015 that

partially complied with the January 20 Order.   Mr. Aragon properly challenged the

execution of his sentence in the Amended Application and requested appropriate

habeas corpus relief.   However, he failed to name a proper respondent.   Further, the

Amended Application was not filed on the court-approved form, as instructed in the

January 20 Order.

In a February 10, 2015 Order, Magistrate Judge Gallagher ordered Applicant to

file a Second Amended Application, on the court-approved form, within thirty (30) days,

that named a proper respondent.   (ECF No. 20).   Magistrate Judge Gallagher warned

Mr. Aragon that failure to comply with the February 10 Order may result in dismissal of

the action without further notice.   (*Id.*).

On March 2, 2015, Mr. Aragon filed a non-compliant document styled

"Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 - 'Second Amended Application.'"

(ECF No. 21).   Again, the purported Second Amended Application was not filed on the

2

court-approved form and did not name a proper respondent.

Because it was unclear whether Mr. Aragon had access to this Court's form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Magistrate Judge Gallagher issued a Minute Order on March 3, 2015, in which he directed Mr. Aragon to file, within 30 days, a Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, on the court-approved form, and to name his current custodian (the warden of his facility) as the Respondent.  (ECF No. 23).  Magistrate Judge Gallagher further ordered the Clerk of the Court to send to Applicant a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (*Id.*).  Applicant was instructed that he must use the form in filing his Second Amended Application. (*Id.*).  Mr. Aragon was also warned that failure to comply with the March 3 Minute Order would result in dismissal of this action, without prejudice, and without further notice. (*Id.*).

Mr. Aragon has now failed to comply with the March 3 Minute Order.  Moreover, he has not communicated with the Court since March 2.  Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Abel R. Aragon, to cure deficiencies, as directed in the January 20, February 10 and March 3 Orders.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Aragon files a notice of appeal

he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

     DATED April 9, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
_____
LEWIS T. BABCOCK, Senior Judge
United States District Court